## WILLAMETTE IRON & STEEL WORKS v. BALTIMORE & O. R. R. CO.

District Court, D. Oregon.   January 3, 1927.

### No. 9907.

Commerce ☞95—Findings of Interstate Commerce Commission in awarding reparation damages only prima facie evidence in action to enforce award (Interstate Commerce Act, § 16 [49 USCA § 16]).

An action to enforce a reparation award by the Interstate Commerce Commission under Interstate Commerce Act, § 16 (49 USCA § 16; Comp. St. § 8584), is one at law with right of trial by jury, and the findings of the Commission are only presumptive evidence of the facts therein stated, and subject to rebuttal.

See, also, 25 F.(2d) 522.

Teal, Winfree, McCulloch & Shuler, of Portland, Or., for plaintiff.

Carey & Kerr, of Portland, Or., for defendant.

BEAN, District Judge. During the summer of 1920, plaintiff shipped over the lines of the defendant railway from Pennsylvania and Indiana to Portland, Or., thirty carloads of steel plates. By the tariffs of the carriers, filed with the Interstate Commerce Commission, and under which the shipments moved, a certain rate was fixed on structural iron, iron and steel plates, and a lesser rate on ship plates. The carriers assessed and collected on plaintiff's shipment the higher rate. On February 24, 1921, the plaintiff filed with the Interstate Commerce Commission a complaint charging that the rates assessed and collected were unlawful and not legally applicable to plaintiff's shipment, and praying for reparation in amount measured by the difference between the charges collected and the legal rate.

The Commission, after a hearing, made a finding that the plaintiff's shipments took the rate for ship plates, and that it had been damaged in the amount of the difference between the charges assessed and collected and such rate. The carriers refused to comply with the order, and hence this proceeding.

The defendant admits the shipment as alleged and the proceedings before the Interstate Commerce Commission, but by appropriate averments challenges the correctness of the findings of the Commission that plaintiff's shipment was, in fact, ship plates. To this the plaintiff has demurred, claiming that the findings of the Commission are conclusive on the court.

By sections 13 and 16 of the Interstate Commerce Act (49 USCA §§ 13, 16; Comp. St. §§ 8581, 8584) any person claiming to have been injured by any common carrier subject to the act, and in contravention to the provisions thereof, may make complaint to the Commission, and the Commission is required to examine into the matter and make a report thereon, and, if it awards damages, the findings of fact on which the award is made, and an order directing the carrier to pay the amount to the claimant within a specified time. If the carrier does not comply with the order for payment of the money within the time limit, the complainant may file a petition in any court having jurisdiction, to enforce the claim, and such suit shall proceed in all respects like other civil suits for damages, except that on the trial the findings and orders of the Commission shall be prima facie evidence of the facts therein stated.

There are, it seems, two kinds of orders which may be made by the Interstate Commerce Commission in matters properly before it—one in its administrative capacity, and the other in reparation cases. Lehigh Valley R. R. v. Clark (C. C. A.) 207 F. 717. In a proceeding to enforce or enjoin the orders of the Commission made in its administrative capacity, and which deal with matters which concern the practical management and operation of the carriers or the interest of the public, the courts will not review the Commission's conclusions of fact by passing upon the credibility of witnesses, or conflict of testimony. Interstate Commerce Commission v. Del. L. & W. R. R., 220 U. S. 235, 31 S. Ct. 392, 55 L. Ed. 448; Interstate Commerce Commission v. L. & N. R. R. Co., 227 U. S. 88, 33 S. Ct. 185, 57 L. Ed. 431; Seaboard Line v. U. S., 254 U. S. 57, 41 S. Ct. 24, 65 L. Ed. 129. The Virginia Ry. Co. v. U. S., 272 U. S. 658,

47 S. Ct. 222, 71 L. Ed. 463, decided December 11, 1926. But, if the order of the Commission requires the payment of money, it can only be enforced in an action of the law side of the court in which the parties are entitled to a trial by jury, Western N. Y. & P. R. Co. v. Penn Refining Co. (C. C. A.) 137 F. 343, and the findings and orders of the Commission are prima facie evidence only of the facts therein stated, and do not preclude the defendant from showing in court facts constituting a defense. Watkins on Shippers, 909. "This provision," says the Supreme Court in Meeker v. Lehigh Valley R. R. Co., 236 U. S. 430, 35 S. Ct. 335, 59 L. Ed. 644, "only establishes a rebuttable presumption. It cuts off no defense, interposes no obstacle to a full contestation of all the issues, and takes no question of fact from either court or jury. At most therefore it is merely a rule of evidence. It does not abridge the right of trial by jury or take away any of its incidents." See, also, Spiller v. A., T. & S. F. Ry., 253 U. S. 131, 40 S. Ct. 466, 64 L. Ed. 810.

The demurrer therefore should be overruled, and it is so ordered.